Evans J.
delivered the opinion of the Court.
The four grounds in arrest of judgment, and the first and second for a new trial, were not insisted on in this Court, They contain objections to the declaration, but as they were not brought to the attention of the Court, 1 shall consider them as abandoned, as the 3d and 4th were at the hearing. There can be no doubt of the truth of the proposition contained in the 5th ground, that where the unsoundness was known to the purchaser, the law will imply no warranty of soundness. This principle runs through all our decisions on the subject. He who buys a negro with a knowledge that the negro is diseased, without taking a special warranty, buys with his eyes open, and at his own risk. If the disease proves fatal, or worse than he expected, he can blame only his own folly. In such case he should take an express warranty, and if he does not, the law will not aid him by the implication of a warranty, when, after due notice, he omitted or neglected to take one himself. I think it very clear, that Garvin had notice that the negro was sick, and in consequence thereof he cannot recover on the implied warranty.
*412 The next question is that made in the 7th ground in the brief, whether having taken a bill of sale in writing, containing an express warranty of title, he can be allowed to prove a parol warranty of soundness, or in other words, can that which was stipulated between the parties in relation to the subject of the contract, and at the time of the sale, be proved partly by writing and partly by parol. The case of Wells v. Spears, reported in 1 M’C., 421, decides that the implied warranty of soundness is not excluded by the express written warranty of title; but that case goes no further than this, that the implied warranty is not excluded where the parties have not stipulated on the subject; but whenever it appears that there was a contract, whether written or verbal, then all implication is excluded. The express contract, whatever it may be, excludes any implied one. The express contract alone is the evidence of what was intended by the parties. A warranty of soundness is a contract to indemnify the purchaser against any loss arising from the unsoundness of the thing sold, and I am disposed to think the words used by Ashe, “keep the negro, and if she dies you shan’t lose,” was such a warranty as was binding oil him, if consistently with the rules of law, he can avail himself of it. There is little doubt of the justice of the plaintiff’s case, and this Court would most gladly allow him to keep his verdict if it could be done consistently with the rules of law; but these must not be sacrificed to attain wliat we may suppose to be the justice of a particular case. The presiding Judge reports tbat “be instructed the jury, that although there was no express warranty in the bill of sale, it was competent for the defendant to make one by parol independently of it;” and the question we are to decide, is, whether this charge is consistent with the law. On looking into the common law authorities, the rale will be found of universal application, that where the parties have deliberately put their agreement in writing, in such terms as import a legal obligation, it is conclusively presumed that the whole engagement of the parties, and the extent of their undertaking, was reduced to writing, and all oral testimony of a previous colloquium, or of conversations or declarations at the time, or before, are *413 inadmissible; or in other words, parol contemporaneous evidence cannot be received to contradict, vary or add to the terms of the written agreement. This rule is so stated by Greenleaf, (1 Greenleaf Ev., sec. 275,) and in all the authorities. The reason of the rule is well stated by Taylor, C. J., in the case of Clark v. M’Millan, 2 No. Ca. Law Rep., 265, that if the rule were otherwise, the effect “would be to prove by inferior evidence that, that which purports on the face of it to be the written memorial of the defendant’s contract, is in truth not so; such evidence is inadmissible according to all the authorities.” Indeed there is no doubt that the rule is as stated, and that the case of Wells v. Spears, was an invasion of it. That case was a carrying; but the doctrine established in Shoolbred v. Timmons, that the law implies a warranty of soundness where a full price was paid. Bui. neither of these cases authorize any conclusion that an action will be on an express parol warranty of soundness, where the purchaser takes a written warranty of title, omitting the warranty of soundness: The case of Wells v. Spears has always been considered as encroaching not a little on the wholesome rule of the common law, that where the parties put their contract in writing, the writing shall be the sole evidence 0^" what the contract was. It shall not be added to or varied by the “slippery memory of man.” In the case of Porcher v. Caldwell, 2 M’Mul., 329, it is said, that the omission to insert a warranty of soundness in the bill of sale, though it does not rebut conclusively the implied warranty, is a circumstance which should always be submitted to the jury as evidence that no warranty was intended. We are not disposed to extend the rule in Wells v. Spears, so as to include as well the cases where there is no stipulation on the subject of soundness, as to those where there is an express contract on the subject. In cases of express contract, the writing alone must be the evidence, not of part, but the whole contract.
The motion for a new trial is granted; but if the plaintiff can vary his case by proof, leave is granted to him to amend his declaration by adding additional counts.